<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GAYLE GALLOWAY,<br><br>            Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>            Defendant. | Case No.:  2:17-cv-04626 (PAZ)<br><br>**OPINION** |

**APPEARANCES:**

SHERYL GANDEL MAZUR, ESQ.
195 FAIRFIELD AVENUE
SUITE 2C
WEST CALDWELL, NJ 07006

    On behalf of Plaintiff

MAIJA PELLY DIDOMENICO
SPECIAL ASSISTANT U.S. ATTORNEY
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET
SIXTH FLOOR
PHILADELPHIA, PA 19147

    On behalf of Defendant

**PAUL A. ZOSS, United States Magistrate Judge.**

    This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff, Gayle Galloway, for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (42 U.S.C. §§ 1381, et seq.).  Plaintiff appeals from the final decision of the Administrative Law Judge

("ALJ") denying the application; Defendant, the Commissioner of Social Security ("the Commissioner"), opposes Plaintiff's appeal.[1]  After careful consideration of the record, including the ALJ hearing transcript, the ALJ's decision, and the pleadings and memoranda of the parties, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f).  For the reasons set forth below, the Court reverses the Commissioner's decision that Plaintiff was not disabled and remands the case in accordance with the following instructions.

I.    PROCEDURAL HISTORY

On August 14, 2013, Plaintiff filed an application for SSI alleging a disability onset date of June 19, 2013.  (R. 176.)[2]  On November 29, 2013, the Commissioner determined that Plaintiff was not disabled and denied the application.  (R. 103.)  On April 5, 2014, Plaintiff's application was denied on reconsideration.  (R. 118.)  On November 16, 2015, an ALJ held a hearing on Plaintiff's application; Plaintiff was represented by counsel at the hearing.  (R. 17.)  On December 24, 2015, the ALJ issued a decision denying Plaintiff's application.  (R. 14.)  On April 27, 2017, the Appeals Council denied Plaintiff's request for review, thereby affirming the ALJ's decision as the "final" decision of the Commissioner.  (R. 1.)  On June 23, 2017, Plaintiff filed this appeal pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  ECF No. 1.  On May 1, 2018, Plaintiff consented to have a U.S. Magistrate Judge conduct all further proceedings in the case to disposition pursuant

---

[1] On June 17, 2019, Andrew Saul was sworn in as Commissioner of Social Security for a six-year term that expires on January 19, 2025.  Mr. Saul is therefore substituted as Defendant in his official capacity.

[2] "R." refers to the continuous pagination of the administrative record on appeal.  ECF No. 6.

2

to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 11.³ On December 21, 2018, the case was reassigned to the undersigned Magistrate Judge. ECF No. 24.

## II. LEGAL STANDARD

### A. Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g) & 1383(c)(3). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988) (citation and internal quotations omitted); *see K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309 (JLL), 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018). Substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla[.]'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *see K.K.*, 2018 WL 1509091, at *4.

The substantial evidence standard is a deferential one, and the ALJ's decision cannot be set aside merely because the Court "acting *de novo* might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986), *cert. denied*, 481 U.S. 1069, 107 S. Ct. 2461, 95 L. Ed. 2d 870 (1987); *see also*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by

---

³ Defendant has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

those findings, even if we would have decided the factual inquiry differently.")(citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court . . . is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication[.]" *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484 (RBK), 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "'review the evidence in its totality'" and "'take into account whatever in the record fairly detracts from its weight.'" *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)(substantial evidence exists only "in relationship to all the other evidence in the record."), *reh'g denied,* 650 F.2d 481 (3d Cir. 1981). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ decision thus must be set aside if it did not take into account the entire record or failed to resolve an evidentiary conflict. *See Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although the ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the

record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The ALJ must provide "an explanation . . . of the reason why probative evidence has been rejected . . . so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter*, 642 F.2d at 706-07; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Cotter*, 642 F.2d at 705. As the Third Circuit notes:

> [U]nless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776 (internal quotations omitted); *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "'explicitly' weigh[s] all relevant, probative and available evidence" in the

5

record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp. 3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citations omitted); *see A.B.*, 166 F. Supp. 3d at 518. In assessing whether the record is fully developed to support an award of benefits, courts take a more liberal approach when the claimant has already faced long processing delays. *See*, *e.g.*, *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000). An award is "especially appropriate" when "further administrative proceedings would simply prolong [a plaintiff's] waiting and delay his ultimate receipt of benefits." *Podedworny*, 745 F.2d at 223; *see Schonewolf*, 972 F. Supp. at 290.

**B.     Standard for Awarding Benefits**

Under the Social Security Act, an adult claimant (i.e., a person over the age of eighteen) is disabled and eligible for Social Security disability benefits based on an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a). An impairment is "medically determinable" if it results from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 416.929(b). Thus, an impairment can be established by objective medical evidence from an acceptable medical source but cannot be established by a claimant's statement of symptoms, a diagnosis, or a medical opinion. 20 C.F.R. § 416.921.

The process for determining an adult's claim for Social Security disability benefits involves

a five-step sequential inquiry.  20 C.F.R. § 416.920(a)(4).[4]  The claimant bears the burden of proof at Steps One through Four.  *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019) (citing *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010)).  At Step Five, the burden shifts to the Commissioner.  *Id*.  At each Step, the ALJ must consider the combined effect of all the claimant's physical and mental impairments without regard to whether any single impairment, if considered separately, would be of sufficient severity to proceed to the next Step.  20 C.F.R. § 416.923(c).

At Step One, the ALJ decides whether the claimant is performing "substantial gainful activity."  20 C.F.R. § 416.920(b).  If so, then the inquiry ends because the claimant is not disabled.  Otherwise, the ALJ proceeds to Step Two.

At Step Two, the ALJ decides whether the claimant has any "severe impairment" or combination of impairments that meets certain regulatory requirements.  20 C.F.R. § 416.920(c); *see Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003) (this Step "is a *de minimis* screening device to dispose of groundless claims").  A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]"  20 C.F.R. § 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, then the inquiry ends because the claimant is not disabled.  Otherwise, the ALJ proceeds to Step Three.

At Step Three, the ALJ decides whether the claimant's impairment or combination of impairments "meets" or "equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1.  20 C.F.R. § 416.920(d).  If so, then

---

[4] This case arises from a claim filed before March 27, 2017 and is therefore analyzed by this Court under 20 C.F.R. § 416.927.

the claimant is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months. *Id*. § 416.909. Otherwise, the ALJ proceeds to Step Four.

At Step Four, the ALJ must determine the claimant's residual functional capacity ("RFC") and determine whether the claimant can perform past relevant work. 20 C.F.R. § 416.920(e)-(f). The RFC is the claimant's maximum ability to do physical and mental work activities on a sustained basis despite limitations from impairments. Social Security Ruling 96-8p, *Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims*, 1996 WL 374184, at *2 (S.S.A. July 2, 1996). Past relevant work is performed (either as the claimant actually performed it or as it is generally performed in the national economy) within the last fifteen years or fifteen years prior to the disability date. 20 C.F.R. § 416.960(b)(1), Social Security Ruling 82-61, *Titles II and XVI: Past Relevant Work – The Particular Job or the Occupation as Generally Performed*, 1982 WL 31387, at *1-2 (S.S.A. Jan. 1, 1982). In addition, the work must have lasted long enough for the claimant to learn to do the job and be engaged in substantial gainful activity. *Id.* at § 416.960(b)(1). If the claimant can perform past relevant work, then the inquiry ends because the claimant is not disabled. Otherwise, the ALJ proceeds to Step Five.

At Step Five, the ALJ must decide whether the claimant, considering her/his RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 416.920(g). Depending on the claimant's limitations, the ALJ will either follow the Medical-Vocational Rules (also referred to as "Grid Rules") found at 20 C.F.R. § 404, Subpart P, Appendix 2, or use the Grid Rules as a framework for decision-making. 20 C.F.R. § 416.969a. The ALJ's consideration at this Step "typically involves 'one or more hypothetical questions posed by the ALJ to [a] vocational expert.'" *Hess*, 931 F.3d at 204 (quoting

*Podedworny*, 745 F.2d at 218).  If the ALJ determines that the claimant can perform other jobs that exist in significant numbers in the national economy, then the claimant is not disabled.  Otherwise, the claimant is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III.    ALJ DECISION AND APPELLATE ISSUES

Plaintiff was 46 years old on the date she filed her application.  (R. 28.)[5]  At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date.  (R. 19.)  At Step Two, the ALJ found that Plaintiff had the following severe impairments: fibromyalgia, degenerative disc disease of the lumbar spine and cervical spine, Lyme disease, thyroid disorders, carpal tunnel syndrome, bipolar disorder, anxiety disorder, post-traumatic stress disorder ("PTSD"), and obesity.  (R. 19.)  Also at Step Two, the ALJ found that Plaintiff had the following impairments that are not severe: autoimmune disorder and high blood pressure.  (R. 19.)  At Step Three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any Listing.  (R. 20.)  At Step Four, the ALJ found that Plaintiff had the residual functional capacity to perform sedentary work subject to various exertional and non-exertional limitations.  (R. 22.)  In particular, the ALJ found that:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except that the claimant can stand and stretch afer 30 minutes of sitting, and is able to sit for 1-5 minutes after 30 minutes of standing and walking. The claimant can frequently use hand controls on the right, can frequently reach overhead in all directions bilaterally, and can frequently handle, finger and feel with the right, dominant hand. The claimant can never climb ladders, ropes or scaffolds, can never crawl, can occasionally kneel, and can never be exposed to moving mechanical parts or operate a motor vehicle. The claimant can occasionally stoop and crouch, and can frequently balance. The

---

[5] The relevant period for Plaintiff's SSI application is August 14, 2013 (application date) through December 24, 2015 (decision date).

> claimant can understand, remember and carry out simple instructions with only occasional changes to essential job functions. The claimant is able to make simple work-related decisions, and frequently interact with the public.

(R. 22.) The ALJ also found at Step Four that Plaintiff was unable to perform past relevant work as a dental assistant (DOT # 079.361-018). (R. 28.) At Step Five, the ALJ found that a finding of not disabled would be directed by Grid Rule 201.21 if Plaintiff had the RFC to perform the full range of sedentary work. (R. 29.) The ALJ also found at Step Five that at least three jobs – document preparer (DOT # 249.587-018), table worker (DOT # 739.687-182), and order clerk (DOT # 209.567-014) – existed in significant numbers in the national economy and could be performed by an individual with Plaintiff's age, education, work experience, and RFC. (R. 29.) The ALJ concluded that Plaintiff was not disabled from August 14, 2013 through December 24, 2015. (R. 29.)

Plaintiff presents multiple arguments on appeal relating to the ALJ's findings at Steps Two through Five. Plaintiff asks the Court to reverse and award benefits or, alternatively, remand for a new hearing. The Commissioner generally contends that the ALJ's decision should be affirmed in its entirety because it correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence.

## IV.   DISCUSSION

The ALJ's RFC determination contains a glaring error that requires remand. The ALJ found that Plaintiff may only have limited interaction with the public due to her PTSD and anxiety:

> In sum, the above less than sedentary residual functional capacity assessment addresses the claimant's exertional, manipulative, postural and environmental limitations due to chronic pain syndromes and carpal tunnel syndrome. Additional limitations of simple and routine work with limitations in adaptability are included due to psychiatric impairments, *and interaction with the public is limited* due to PTSD and anxiety. I have set the residual functional

capacity accordingly.

(R. 28)(emphasis supplied). Notwithstanding this finding, the RFC provides that "[t]he claimant is able to make simple work-related decisions, *and frequently interact with the public*." (R. 22) (emphasis supplied). Similarly, the ALJ incorporated this RFC into the hypothetical presented to the vocational expert: "The hypothetical individual would be able to understand, remember and carry out simple instructions with only occasional changes to essential job functions. Would be able to make simple work related decisions *and would frequently interact with the public*." (R. 84) (emphasis supplied). The vocational expert testified that Plaintiff would be able to perform the jobs of document preparer (DOT # 249.587-018), table worker (DOT # 739.687-182), and order clerk (DOT # 209.567-014). (R. 84.) The ALJ accepted the vocational expert's testimony in concluding that Plaintiff can perform other work in the national economy. (R. 29.)

Plaintiff notes in this appeal that "[t]he ALJ did not take into consideration that the Plaintiff's PTSD and anxiety precluded her from leaving the home, driving or functioning." ECF No. 31 at 3. Plaintiff cites her hearing testimony in which she testified that she only leaves the house for doctor's appointments and therapy and does not otherwise leave the house because of her anxiety. *Id.* (citing R. 67, 76.) She cites the report of Harold Goldstein, Ph.D. dated November 25, 2009, wherein Dr. Goldstein recounts Plaintiff's assertion that "[s]he spends most of her day in her home with limited contact with others." *Id.* (citing R. 585-86.) She also cites the report of Dr. Syed Rasheed dated September 20, 2011, wherein Dr. Rasheed opined that Plaintiff's ability to interact appropriately with the general public was "poor/none." *Id.* (citing R. 609.) Finally, to support her assertion that she could not interact with the public, Plaintiff points to letters submitted by Plaintiff's friend and brother, and an October 22, 2015 report of her therapist. *Id.* (citing R. 682.)

At the initial level of review of Plaintiff's DIB application, Dr. Foley noted that Plaintiff is "embarrassed to be out in public" and opined that Plaintiff was "moderately limited" in her ability to interact appropriately with the general public. (R. 100-01.) Dr. Castillo-Velez affirmed the initial finding on reconsideration. (R. 116.) The ALJ gave these opinions some weight but discounted them to some extent because the state agents did not personally examine Plaintiff and their review was based on the record as of October 2013 and March 2014. (R. 27.) The ALJ noted that "[w]hile their opinions regarding the claimant's concentration, persistence and pace are consistent with the record, the more recent records show that the claimant has additional limitations in social functioning as evidenced by the claimant's anxiety and PTSD, which require additional limitations in social functioning." (R. 27.)

In September 2015, Plaintiff's therapist, Nicole Amarante, M.A., L.A.C., diagnosed Plaintiff with generalized anxiety disorder, PTSD, and moderate major depressive disorder. (R. 643.) Ms. Amarante noted at that time that Plaintiff had a history of verbal, physical and emotional abuse by her ex-husband, "conflict/discord with residents in same town that [Plaintiff] resides," and unresolved grief due to multiple family members passing away within a two-year period. (R. 643.) The record also contains a letter from Ms. Amarante dated October 22, 2015, which states that Plaintiff was diagnosed with "severe generalized anxiety disorder" and PTSD and was enrolled in psychotherapy sessions to resolve her symptoms. (R. 682.) Ms. Amarante opined that Plaintiff's anxiety and PTSD symptoms "significantly interfere with her daily life" and that "the degree of anxiety that [Plaintiff] suffers interferes with her ability [to] complete necessary tasks and affects several aspects of her life." (R. 682.) The ALJ gave this opinion little weight because Ms. Amarante "did not explain how specifically [Plaintiff's] mental impairments caused her non-exertional limitations, especially in the area of social functioning and concentration, persistence or

pace." (R. 25.)

At the hearing in November 2015, Plaintiff testified that she has "an inner fear of like just not wanting to go out of the house." (R. 67.) She stated that "I got my anxiety which I can't even get out of the house." (R. 76.) She further testified that she goes to her therapist twice per week to address her mental conditions. (R. 79-80.) Plaintiff stated that she takes Alprazolam ("Xanax") for anxiety. (R. 75.) The ALJ found that Plaintiff's "medical history, the level of treatment that she pursued, and the opinions of the claimant's treating sources corroborate her allegations and her testimony." (R. 27-28.) The ALJ further noted that "despite [Plaintiff's] credible statements, her residual functional capacity cannot be eroded below the level indicated above." (R. 28.)

In light of the foregoing evidence, the Court finds that the ALJ's RFC determination that Plaintiff can have frequent interaction with the public is not supported by substantial evidence. Plaintiff was diagnosed with anxiety disorder and PTSD, which the ALJ found at Step Two were severe impairments that caused "more than a minimal impact upon [Plaintiff's] ability to do work related activities." (R. 19.) The ALJ found credible Plaintiff's statements that she was afraid to leave her house. (R. 27-28.) The state agency expert found that Plaintiff was moderately limited in her ability to interact with the public, and this finding was affirmed on reconsideration. (R. 100, 116.) Even the ALJ noted that "[a]dditional limitations of simple and routine work with limitations in adaptability are included due to psychiatric impairments, and interaction with the public is limited due to PTSD and anxiety." (R. 28.) The evidence supports the ALJ's finding that Plaintiff's ability to interact with the public is limited (R. 28), but not his contradictory RFC determination that Plaintiff can frequently interact with the public. (R. 22.)

The Court will therefore remand this matter to the Commissioner for re-evaluation of Plaintiff's RFC at Step Four. The Court notes that Plaintiff raises a number of other issues in this

appeal, including a challenge to the ALJ's Step Three determination that Plaintiff's impairments do not satisfy any Listing, the ALJ's treatment of the opinions of Plaintiff's treating physicians, and the ALJ's treatment of Plaintiff's subjective complaints of pain. Without commenting on the validity of these other issues, the Court instructs the ALJ to consider more carefully on remand the questions raised by Plaintiff in this appeal.

## V.     CONCLUSION

For these reasons, the Court reverses the Commissioner's decision that Plaintiff was not disabled and remands the case to the Commissioner for further proceedings in accordance with the preceding instructions and the accompanying Order.


Dated: February 7, 2020                              s/ Paul A. Zoss
At Newark, New Jersey                               PAUL A. ZOSS, U.S.M.J.